**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

SHAWN MICHAEL CRANDELL,        )
                               )
              Plaintiff,       )
                               )
v.                             )    Case No. CIV-14-175-JHP-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
              Defendant.       )

**REPORT AND RECOMMENDATION**

Plaintiff Shawn Michael Crandell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 15, 1975 and was 37 years old at the time of the ALJ's decision. Claimant completed his high school education and some college. Claimant has worked in the past as a diesel mechanic, fast food cook, grinder, retail store manager,

auto pin-setter mechanic, bowling alley desk clerk, and money counter. Claimant alleges an inability to work beginning January 1, 2011 due to limitations resulting from back pain, knee pain, depression, and PTSD.

**Procedural History**

On March 5, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration.

On May 21, 2013, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing in McAlester, Oklahoma. On August 27, 2013, the ALJ issued an unfavorable decision. The Appeals Council declined to review the decision on March 5, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to discuss uncontroverted and/or significantly probative evidence which conflicted with his findings; and (2) failing to properly evaluate Claimant's Veteran's Administration ("VA") rating.

**Discussion of the Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of affective disorder and anxiety disorder. (Tr. 13). The ALJ concluded Claimant retained the RFC to perform light work except that he limited Claimant to a full range of unskilled work which needed little or no judgment to do simple duties that could be learned on the job in a short period of time; where supervision was simple, direct, and concrete; interpersonal contact with supervisors and co-workers was incidental to work performed, e.g. assembly work, but not at production line speeds; no contact with the general public; and only occasional stooping and crouching; and no climbing, crawling, or kneeling. (Tr. 15). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of housekeeper/cleaner and small product assembler. (Tr. 21). Based upon this finding, the ALJ determined Claimant was not under a disability. (Tr. 25).

Claimant contends the ALJ ignored certain probative evidence which conflicted with his ultimate findings on disability. With

regard to Claimant's mental impairments, Claimant states that the ALJ ignored the objective testing which revealed evidence of social dysfunction, often vague, unclear, and impoverished thinking. The testing demonstrated significant and severe elevations of the schizoid, depressive, and negativistic personality scales and moderate elevation of the borderline and antisocial scales. (Tr. 258).

Administration of the Beck Anxiety Index and Depression Inventory showed Claimant to be in the severe to moderate range with severe concerns about losing control, nervousness, and terror. Subjective depression scores showed to be in the moderate to severe range with severe concerns about being bored. (Tr. 258-59). Claimant was also administered testing for PTSD. The testing revealed a significant level of posttraumatic symptoms. (Tr. 457). Findings throughout the record demonstrates Claimant is clinically depressed, has a tired mood and a congruent affect, was referred for anger management, is irritable, has an angry mood, is given to mood swings, and anxiety. (Tr. 410, 418, 422, 432, 449). His PTSD symptoms include flashbacks, nightmares, hypervigilance, and avoiding friends and family. (Tr. 460). Claimant also suffers from moderate memory impairment – problems with the retention of highly learned material. He also forgets to complete tasks. (Tr.

839).

The ALJ found Claimant did not meet a listing by having marked limitations two of the three functional areas. (Tr. 14). He noted the medical records concerning Claimant's mental health assessment and treatment from the VA. (Tr. 17). The ALJ acknowledged the psychiatric review technique completed by Dr. Karen Kendall on June 8, 2012 - giving it great weight. Dr. Kendall found Claimant had moderate limitations in social functioning and concentration, persistence, or pace. (Tr. 18). Dr. Kathleen Gerrity, a non-examining psychologist, provided an opinion which was given great weight. Dr. Gerrity also provided for limitations in Claimant's contact with the public. (Tr. 19). Dr. Kathleen Ward also completed a mental consultative examination of Claimant. Her opinion was given some weight by the ALJ. (Tr. 19).

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d

7

1205, 1208 (10th Cir. 2007). The ALJ discussed a considerable number of the psychological evaluations performed on Claimant. However, the reports cited herein not discussed contain or endorse restrictions which would affect both the RFC assessment and the overall disability determination. On remand, the ALJ shall be mindful to discuss the entirety of the record, including the evidence which supports additional psychological limitation, providing specific reasoning for discounting any such record.

Claimant also asserts the ALJ inadequately discounted the report of Dr. Shalom Palacio-Hollman's report dated July 23, 2011. He diagnosed Claimant with PTSD, major depression disorder, polysubstance dependence, in remission, and schizoid traits, borderline traits. He characterized Claimant as "gravely disabled such that he is unable to care for himself so that his health and/or safety is endangered." His symptoms were unresponsive to prescriptions and he was resistant to treatment because of the highly personal/secret nature of the assault Claimant suffered while in the military. Dr. Palacio-Hollman found functional limitations in Claimant's ability to deal with the public supervisors and co-workers was limited by impaired by anxiety, reactivity, depression symptoms. He has the ability to understand, remember, and carry out simple instructions. However, Dr. Palacio-

Hollman also determined Claimant cannot meet the demands of the work environment. (Tr. 318). The ALJ gave the opinion "little weight in accordance with Social Security Ruling 06-3p." (Tr. 22). Other than the vague reference to the general rule on evaluating opinion evidence, the ALJ gave no reasoning for rejecting Dr. Palacio-Hollman's opinion. On remand, the ALJ shall explain the specific basis for rejecting his opinion. This Court realizes that this record contains an inordinate number of physicians' opinions. Nevertheless, all must be addressed with sufficient specificity for this Court to be able to consider whether the basis for rejection is supported by substantial evidence.

Claimant next contends the ALJ disregarded the evidence of Claimant's knee impairment while only recognizing the evidence supporting a finding that the knee x-rays were unremarkable. (Tr. 17-18). The ALJ found Claimant's knee impairment constituted a severe impairment at step two. (Tr. 13-14). The ALJ excluded any discussion of the MRI of Claimant's right knee in July 19, 2012 which revealed a remote partial tear of the proximal segment of the superficial medial collateral ligament and incomplete radial tear mid body lateral meniscus. (Tr. 551). The ALJ also failed to discuss other evidence supporting a more significant knee impairment than he found in his RFC assessment. (Tr. 265-66, 393,

9

401, 441, 815, 832, 849). On remand, the ALJ shall re-examine his findings of severity and functional limitation brought about by Claimant's knee impairment.

### Consideration of VA Rating

Claimant asserts the ALJ should have provided further explanation for discounting the VA disability rating received by Claimant other than simply finding he was not bound by such a determination. The ALJ recognized the VA disability rating of 70 percent assigned to Claimant's dysthymic disorder. (Tr. 16-17). He then found that a disability determination made by another agency is not binding upon the Social Security Administration. Id.

"Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the VA's disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). As a result, this case must be remanded for the ALJ to consider the VA disability rating.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2015.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE